The Honorable Judge Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

Civil Case No. 3:21-cv-05125 -RJB-DWC

ANTOINE D. JOHNSON, MD
P.O. BOX #561
ABERDEEN, WA 98520
(Petitioner)

vs.

UNITED STATES PROBATION AND PRETRIAL SERVICES
(Respondent)

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 USC 2241

FILED
LODGED          MAIL
RECEIVED

FEB 12 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

1. Place of detention - I am in custody in the Western District of Washington.

2. Name and location of court and name of judge who imposed sentence: Judge Leighton imposed sentence in the Western District of Washington.

3. The indictment number or numbers (if known) upon which, and the offenses for which, sentence was imposed: Don't recall.

4. The date upon which sentence was imposed and the terms of the sentence: I was convicted on or about 2011. I was given a 10-year prison sentence.

5. A finding of guilty was made: After a plea of not guilty.

6. That finding was made by a jury.

7. I appealed from the judgment of conviction and the imposition of sentence.

8. If you answered "yes" to (7), list:

a. The name of each court to which you appealed:

i. United States Court of Appeals

ii. Supreme Court

b. The result in each court to which you appealed: Affirmed.

c. The date of each result: Don't recall.

d. If known, citations of any written opinions or orders entered pursuant to such results: Don't recall.

9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully.

> In 2011, Judge Lasnik ruled that my certification to provide Buprenorphine treatment **alone** was not reasonable to meet the *"holds itself out"* prong for *"Program"* under 42 CFR 2.11. Now it is.

10. State concisely and in the same order the facts which support each of the grounds set out in (9): Compare Judge Lasnik's 2011 pretrial ruling with Attachment "A".

11. I have previously filed petitions for habeas corpus, motions under section 2255 of Title 28, United States Code with respect to this conviction.

12. If you answered "yes" to (11), list with respect to each petition, motion, or application:

a. The specific nature thereof: I don't understand that question.

b. The name and location of the court in which each was filed: I don't recall.

c. The disposition thereof: I'm still in custody.

d. The date of each such disposition: I don't recall.

e. If known, citations of any written opinions or orders entered pursuant to each such disposition: I don't recall.

13. If you did not file a motion under section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: My circumstances are strikingly similar to those of <u>Alaimalo v. United States</u>: 645 F.3d 1042(9th Cir. 2011).

14. Has any ground set forth in (9) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under 2255 of Title 28, United States Code, or any other petition, motion, or application? I don't know.

15. If you answered "yes" to (14), identify: I did not answer yes.

16. I was pro se.

17. If you answered "yes" to one or more parts of (16), list: I did not answer yes.

18. If you are seeking leave to proceed in forma pauperis, have you completed the sworn

2

The Honorable Judge Lasnik

affidavit setting forth the required information (see instructions, page 1 of the form)? Yes.

_____
Signature of Petitioner

State of Washington

County of Grays Harbor

ANTOINE D. JOHNSON, MD, being first sworn under oath, presents that he has subscribed to the foregoing petition and does state that the information therein is true and correct to the best of his knowledge and belief.

_____
Signature of Affiant

SUBSCRIBED and SWORN to
before me this ___8___ day of
__February__, __2021__.
(month) (year)

_____
Notary Public (or other official authorized by law to administer oaths)

ANGEL DAMASIEWICZ
Notary Public
State of Washington
Commission # 205782
My Comm. Expires Feb 22, 2023

3

Antoine D. Johnson, MD
P.O. Box #561
Aberdeen, Washington 98520
(360) 500-0122

FILED
LODGED
RECEIVED
MAIL

FEB 12 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

UNITED STATES PROBATION
PRETRIAL SERVICES (Custodi...,,
                        Respondent
v.
ANTOINE D. JOHNSON, MD,
                        Petitioner.

3:21-cv-05125 -RJB-DWC

Petition for Writ of Habeas Corpus (28 USC 2241 & LCR 100(d)); and, Notice of Related/Pending Cases (LCR 3(g)&(h)).

**I petition this Court for a Writ of Habeas Corpus** because I am "in custody in violation of the Constitution or laws or treaties of the United States." (28 USC 2241(c)(3)).

The "Confidentiality of records" statute (42 USC 290dd-2(g)); and, the federal rule[1]- "holds itself out[2]" - promulgated thereunder, were violated to secure my conviction.

Since this petition is grounded on Judge Lasnik's pre-trial construction of "holds itself out," in the underlying criminal case (No. 3:09-cr-05703-RBL: Dkt. #387; p.5(lns. 8-10)); I ask that this case be assigned to Judge Lasnik who sits in Seattle[3].

**Related / Pending Cases**

_____

---

[1] See 5 USC 551(4)- "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency.
[2] See 42 CFR 2.11- "Program."
[3] See LCR 3(e)(2)- "In some circumstances, the court may determine ... a Tacoma case be assigned to a Seattle judge".

PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 1

Per LCR 3(g) & (h), please note related and pending actions are in the United States District Court, for the Eastern District of California, at Sacramento (Nos. 2:18-cv-00988-MCE-AC and 2:18-cv-01977-JAM-AC); and, before the United States Court of Appeals for the Ninth Circuit (Nos. 20-16044 and 20-15920).

This action is required[4] because the Eastern District either: 1) will not consider Judge Lasnik's pre-trial construction of "holds itself out;" or, 2) the Eastern District adopts factual conclusions that are illogical, implausible, or without support in the record. Coordination between the actions might avoid conflicts, conserve resources and promote an efficient determination of the action.

**Discussion**

Federal regulatory law - 42 CFR Part 2 - was updated in February 2017. (See Attachment 'A'). I contend the rule, "holds itself out," is applicable to this equity proceeding; and, that changes in "holds itself out" are material.

The rule, "holds itself out," changed in a way relevant to the instant claim of actual innocence, viz.- If the 2017 updated definition of "holds itself out" had been known at the time of my 2011 pre-trial hearing, Judge Lasnik would have issued a different decree.

Recall, using the "1987 Rule," in the 2011 pre-trial hearing, Judge Lasnik found:

> "While Dr. Johnson was listed as a physician certified
> to provide Buprenorphine treatment, the Court finds that
> this **alone** is insufficient to find that Dr. Johnson held
> himself out as providing substance abuse services."
>
> [No. 3:09-cr-05703-RBL: Dkt. #387; p. 5(lns. 8-10)- emph. added].

---

[4] "[A] subsequent petition is not successive, even if ... the petitioner effectively challenges an unamended component of the judgment." (Clayton v. Biter, 868 F.3d 840, 844 (9th Cir. 2017)).
PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 2

That finding conflicts with the "2017 Updated Final Rule:"

> SAMHSA ... established the definition of "holds itself out "
> ... as any activity that would lead one to reasonably
> conclude that the individual or entity provides substance use
> disorder diagnosis, treatment, or referral for treatment including
> but not limited to:
> - Authorization by the state or federal government (e.g., licensed,
>   certified, registered) to provide, and provides, such services"
>
> [Attachment 'A'- p.2][5].

Had the 2017 Updated Final Rule definition of "holds itself out" been available at the 2011 pre-trial hearing, it would have compelled Judge Lasnik to find my listing as a physician certified to provide Buprenorphine treatment was sufficient, **"alone,"** to find I held myself out as providing substance abuse services. Thus, the changes to "holds itself out" are material[6].

Ninth Circuit Law says, "[w]hen deciding whether a petitioner has had an 'unobstructed procedural shot,' we consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." (*Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008)).

---

[5] Judge Lasnik found "Dr. Johnson actually provided substance abuse treatment." (No. 3:09-cr-05703-RBL: Dkt. #387: p.5 (lns. 6-7)).

[6] "Material" means- "Of such a nature that knowledge of the item would affect a person's decision-making process." (Black's Law- abridged 7th ed.). See also *Kungys v. United States*, 485 U.S. 759, 770 (1988) "a concealment or misrepresentation is material if it 'has a natural tendency to influence, or was capable of influencing, the decision of' the decision-making body to which it was addressed.'"

PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 3

Because I showed the legal basis for the instant claim of actual innocence is the 2017 Updated Final Rule definition of "holds itself out," I have shown the legal basis for such claim did not arise until after I exhausted my direct appeal[7] and first 2255 motion[8].

Because I also showed the 1987 Rule for "holds itself out" changed in a way relevant to the instant claim of actual innocence after that first 2255 motion, I have shown I did not have an unobstructed procedural shot at presenting the instant actual innocence claim at any time prior to February 2017; the date the 2017 Updated Final Rule was published.

In *Alaimalo v. U.S.*, 645 F.3d 1042 (9th Cir. 2011) a prisoner lacked an unobstructed procedural shot where circuit precedent foreclosed his actual innocence claim when he brought his § 2255 motion. (Id. @ 1047-48). My circumstances are strikingly similar. The record shows the Ninth Circuit Court of Appeals affirmed Judge Lasnik's 2011 interpretation of "holds itself out:"

> "doctors certified to provide a particular type of drug abuse treatment, ... do[] not make the district court's finding 'illogical, implausible, or without support in the record.'"

[United States v. Johnson, 540 F. App'x 573, 9 (9th Cir. 2013)].

Thus, like *Alaimalo*, I could not have raised the instant claim of actual innocence in an effective fashion in my first 2255 motion, because of the construction of "holds itself out" set forth in case law, established prior to my first 2255 motion. By the year 2017, of course, I had already exhausted my direct appeal (2013) and first § 2255 motion (2014). (See Alaimalo @ 1048).

---

[7] United States v. Johnson, 540 F. App'x 573, 9 (9th Cir. 2013).
[8] No. 3:14-cv-06018-RBL (12/29/2014).

PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 4

A claim of actual innocence is tenable because my certification to provide Buprenorphine treatment, **"alone"**, proves "Dr. Johnson held himself out as providing substance abuse services." (Supra.). Thus, "the government did … need a court order prior to beginning their undercover investigation, including using audio and video surveillance, and the government [im]properly obtained a search warrant to seize the patient records." (*Johnson v. Salazar*, No. 2:17-cv-1310 JAM KJN P, at *3 (E.D. Cal. Dec. 15, 2017)).

Since the government failed to ascertain "an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor" (42 USC 290dd-2(b)(2)(C)), it violated the Confidentiality of records statutory protection for "[r]ecords of the identity . . . of any patient which are maintained in connection with the performance of any program or activity relating to substance abuse . . . treatment . . . which is conducted, regulated, or directly or indirectly assisted by any department or agency of the United States. (42 USC 290dd-2(a)).

Relying on the 2017 Updated Final Rule, I can show that I'm a Program under 42 USC 290dd-2(g) and 42 CFR Part 2; and thereby, that I am "in custody in violation of the Constitution or laws or treaties of the United States." (28 USC 2241(c)(3)).

Dated this 3rd day of February, 2020.

Respectfully submitted by,

Antoine D. Johnson, MD

PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 5

# Attachment 'A'

# 42 CFR Part 2 – Final Rule

Comparison Chart – 1987 rule, 2017 updated final rule, and HIPAA
Revised 2/23/2017

**Acronyms:**
HIPAA: Health Information Portability and Accountability Act (and its implementing regulations)
PHI: Protected Health Information
TPHO: "treatment, payment or healthcare operations"
HIE: Health information exchange

| | 42 CFR Part 2 (1987 Rule) | 42 CFR Part 2 (Updated Final Rule) | HIPAA |
|---|---|---|---|
| **Applicability (covered entities)** | Part 2 applies to any individual or entity that is federally assisted and provides, alcohol or drug abuse diagnosis, treatment or referral for treatment. This includes specialty facilities and identified units/personnel within general medical facilities who meet the criteria. Any provider that has a DEA X# is considered federally assisted[1] Via SAMHSA: "Accordingly, primary care providers who do not work in general medical care facilities meet Part 2's definition of a program if their **principal practice** consists of providing alcohol or drug abuse diagnosis, treatment or referral for treatment, and they hold themselves out as providing the same. If their principal practice consists of providing alcohol or drug abuse diagnosis, treatment or referral for treatment, but they do not hold themselves out as providing those services, then it is likely that they would not meet the definition of a program. The phrase "holds itself out" is not defined in the regulations, but could mean a number of things, including but not limited to state | SAMHSA will continue to apply the 42 CFR Part 2 regulations to a program that is federally assisted and holds itself out as providing, and provides, SUD diagnosis, treatment, or referral for treatment. SAMHSA has finalized the new definition of a covered program: "Program means: (1) An individual or entity (other than a general medical facilities) who holds itself out as providing, and provides, substance use disorder diagnosis, treatment, or referral for treatment; or (2) An identified unit within a general medical facility that holds itself out as providing, and provides, substance use disorder diagnosis, treatment, or referral for treatment; or (3) Medical personnel or other staff in a general medical facility whose primary function is the provision of substance use disorder diagnosis, treatment, or referral for treatment and who are identified as such providers." | Any health plan, health care clearinghouse, or provider who electronically transmits any health information in connection with transactions for which HHS has adopted standards. |

---

[1] http://www.samhsa.gov/about-us/who-we-are/laws/confidentiality-regulations-faqs

| | 42 CFR Part 2 (1987 Rule) | 42 CFR Part 2 (Updated Final Rule) | HIPAA |
|---|---|---|---|
| Consent requirements | licensing procedures, advertising or the posting of notices in the offices, certifications in addiction medicine, listings in registries, internet statements, consultation activities for non-"program" practitioners, information presented to patients or their families, or any activity that would lead one to reasonably conclude that the provider is providing or provides alcohol or drug abuse diagnosis, treatment or referral for treatment."[2]<br><br>*Note: APA has interpreted the regulations and guidance from SAMHSA to not cover general psychiatrists who treat addiction (via OBOT/MAT or otherwise) at an abundance of less than a majority of their practice. SAMHSA has not pushed back on this interpretation, and we are not aware of any Part 2 enforcement actions against general psychiatrists who would not generally be considered to be "Part 2 covered programs" under current law and current understanding.*<br><br>With limited exceptions, Part 2 requires patient consent for disclosures. The consent form is required to include the name or title of the individual or the name of the organization to which disclosure is to be made. The limited exceptions encompass medical emergency, court order, notification to law enforcement due to crimes on program premises or against program personnel, and certain state laws reporting<br><br>**Blanket consent?**<br>Technically possible, but highly limited due to the fact that you'd have to re-initiate blanket consent if any new provider, program, facility etc. is newly added to the recipient list. | Current regulations do not include a way for patients to determine "to whom" their records have been disclosed. SAMHSA's final rule finalizes the provision that includes a general designation in the "To Whom" field that allows the disclosure of information to individuals or entities as long as those entities have a treating provider relationship with the patient. The final rule allows for additional options for patients to complete the "To Whom" section. Patients may now include 1) a name of an individual, 2) name of entity that has a "treating provider relationship" with the patient, 3) name that the patient does not have a treating provider relationship but is a third-party payer, and/or 4) name of entity that does not have a treating | SAMHSA has established the definition of "holds itself out "and is defined as any activity that would lead one to reasonably conclude that the individual or entity provides substance use disorder diagnosis, treatment, or referral for treatment including but not limited to:<br><br>- Authorization by the state or federal government (e.g. licensed, certified, registered) to provide, and provides, such services,<br>- Advertisements, notices, or statements relative to such services, or<br>- Consultation activities relative to such services."<br><br>HIPAA generally permits the disclosure of protected health information without patient consent or authorization for the purposes of "treatment, payment, or healthcare operations" (TPHO). A notable exception to this is for psychotherapy notes, which must be kept separate from the traditional medical record in order to qualify as psychotherapy note designation and require explicit authorization by a patient for disclosure. |

---

[2] http://www.samhsa.gov/about-us/who-we-are/laws/confidentiality-regulations-faqs

# Attachment 'B'

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTOINE JOHNSON and LAWANDA JOHNSON,<br><br>Defendants. | No. CR09-5703RBL<br><br>ORDER DENYING MOTIONS FOR RECONSIDERATION |

This matter comes before the Court on defendants Dr. Antoine Johnson's and Lawanda Johnson's motions for reconsideration. Dkt. #389, 391. "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Cr. R. 12(c)(11)(A). Defendants have failed to meet this standard.

Ms. Johnson argues that new facts, by way of manuals for the undercover electronic surveillance, could not have been presented by defendants, and asks the Court to waive the timeliness of a potential, subsequent motion for reconsideration. Dkt. #391 at 2. However, Ms. Johnson does not identify any new facts that warrant reconsideration at this time. This request is premature. If Ms. Johnson identifies new facts that warrant reconsideration, she should bring the request with proper legal authority regarding waiver of timeliness at that time.

Dr. Johnson and Ms. Johnson argue that the Court committed manifest error in its ruling on June 21, 2011 (dkt. #387). Dr. Johnson argues that the "holding out" requirement in 42

ORDER DENYING MOTIONS FOR RECONSIDERATION - 1

1   C.F.R. §2.12(e)(1) is satisfied by simple notification requirements found in 21 C.F.R.

2   §1301.28(b)(1). Dkt. #389 ¶¶12-13. Dr. Johnson is mistaken. Nothing in 21 C.F.R. §1301.28,

3   or any legal authority citing to the regulation, refers to or identifies the "holding out"

4   requirement in 42 C.F.R. §2.12(e)(1).

5       Ms. Johnson argues:

> To determine whether or not Dr. Johnson "held himself out" as providing alcohol or drug abuse diagnosis, treatment or referral for treatment, one need only ask (a) how were those 86 patients able to locate Dr. Johnson and (b) how did they know he provided substance abuse treatment? The answer, Dr. Johnson's name was placed on a Physician Locator List published on the internet by SAMHSA. Defendants' produced evidence regarding the purpose of the list:
>
> For Patients and Families
>
> If you are looking for doctors in your area who can prescribe buprenorphine for opioid addiction click here for the SAMHSA Buprenorphine Physician Locator. Dkt. #107, Olson Declaration. Attached hereto as Exhibit B for the Court's convenience. *See also* Dkt. #154, pg. 4, ln. 18).

Dkt. #391 at 3-4. Exhibit B is a motion to dismiss, not a declaration. Dkt. #391 at 16-25. Likewise, docket number 154 is a reply memoranda, not a declaration. Dkt. #154. Defendants have failed to present any evidence of how the 86 patents located Dr. Johnson or how they knew Dr. Johnson provided substance abuse treatment, whether by reviewing the provider directory online, by being an existing patient, or by some other method. Memoranda and arguments of counsel are not evidence. In finding that Dr. Johnson did not hold himself out as a substance abuse treatment program, the Court considered the exhibits attached to Ms. Olson's declaration (dkt. #107-2-107-8). Exhibit A to Ms. Olson's declaration is a certificate of completion from the American Society of Addiction Medicine providing that Dr. Johnson successfully completed "ASAM's Buprenorphine Training Course" on March 4, 2006. Dkt. #107-2 at 5, Ex. A. The pages that follow the certificate appear to be screen shots of a website for the Substance Abuse and Mental Health Services Administration that includes a link to a

ORDER DENYING MOTIONS FOR RECONSIDERATION - 2

1  directory of physicians who can prescribe buprenorphine for opioid addiction. Id. at 6-8. In
2  the Order (dkt. #387), the Court acknowledged that Dr. Johnson was listed as a physician
3  certified to provide Buprenorphine treatment in the provider directory. However, the Court
4  found that this by itself was insufficient for the "holding out" requirement. See dkt. #387 at 5.

5      Ms. Johnson also argues that the Court erred because it did not consider whether Dr.
6  Johnson was a "person holding the records" that then required law enforcement personnel to
7  obtain a court order prior to investigating or prosecuting Dr. Johnson.[1] See Dkt. #391 at 4
8  (citing United States v. Shinderman, 515 F.3d 5, 11 (1st Cir. 2008)). Ms. Johnson's reliance on
9  Shinderman is misplaced. The district court in Shinderman found that Dr. Shinderman
10 qualified as a "program" for purposes of the regulation. 515 F.3d at 11. There has been no
11 such finding here. Additionally, the text of the regulations and the definitions of "records" and
12 "program" makes clear that "the person holding the records" necessarily requires the existence
13 of a "program" as defined in the substance abuse treatment program regulations. Section 2.66
14 provides the procedures and criteria for orders authorizing disclosure and use of records to
15 investigate or prosecute a program or person holding the records of a program. 42 C.F.R.
   §2.66. Section 2.66(a) provides:

> An order authorizing the disclosure or use of **patient records** to criminally or administratively investigate or prosecute a **program** or the person holding the **records** (or employees or agents of that program or person) may be applied for by any administrative, regulatory, supervisory, investigative, law enforcement, or prosecutorial agency having jurisdiction over the program's or person's activities.

Id. §2.66(a) (emphasis added). For purposes of the substance abuse treatment program regulations, "[r]ecords means any information, whether recorded or not, relating to a patient received or acquired by **a federally assisted alcohol or drug program**." Id. §2.11 (emphasis added). "Program" means an "individual or entity (other than a general medical care facility) who holds itself out as providing, and provides, alcohol or drug abuse diagnosis, treatment or

---

[1] Ms. Johnson's motion ends abruptly on page 7, and the Court has not considered any arguments that may have been on subsequent pages.

ORDER DENYING MOTIONS FOR RECONSIDERATION - 3

1  referral for treatment . . . ." 42 C.F.R. §2.11(a). The Court found that Dr. Johnson was not a
2  "program" within the meaning of the regulations because he did not hold himself out as
3  providing substance abuse treatment services. Accordingly, the Court properly analyzed
4  whether Dr. Johnson was a "program" for purposes of the regulations. Having concluded that
5  he was not a "program," the Court did not need to make a determination regarding whether he
6  was a "person holding the records" of a patient in a program.
   Defendants have failed to demonstrate, by legal authority or otherwise, that the Court's
7  ruling was manifest error. For all the foregoing reasons, defendants' motions for
8  reconsideration are DENIED.

   DATED this 7th day of July, 2011.

                                           /s/ Robert S. Lasnik
                                           Robert S. Lasnik
                                           United States District Judge

ORDER DENYING MOTIONS FOR RECONSIDERATION - 4

U.S. POSTAGE PAID
FCM LG ENV
ABERDEEN, WA
98520
FEB 08, 21
AMOUNT
$5.60
R2306Y152065-04

7019 1640 0000 6922 0544

Antoine D. Johnson
P.O. Box # 591
Aberdeen, WA (98524)

U.S District Court for the Western District of WA at Seattle
700 Stewart St.
Seattle, WA (98101)

FILED
LODGED
RECEIVED

FEB 12 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY