Antoine D. Johnson, MD
P.O. Box #561
Aberdeen, Washington 98520
(360) 500-0122

FILED ___
LODGED ___
RECEIVED ___
MAIL

FEB 12 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

UNITED STATES PROBATION AND PRETRIAL SERVICES (Custodian),
Respondent

v.

ANTOINE D. JOHNSON, MD,
Petitioner.

3:21-cv-05125 -RJB-DWC

Declaration in support of Petition for Writ of Habeas Corpus (28 USC 2241 & LCR 100(d)); and, Notice of Related/Pending Cases (LCR 3(g)&(h)).

**I SWEAR THUSLY:**

Attachment 'B' is a Judge Lasnik ORDER from the underlying criminal case. (No. *3:09-cr-05703-RBL*: Dkt. #395). In that ORDER Judge Lasnik identified the Defendants' argument:

> "Dr. Johnson and Ms. Johnson argue that the Court committed manifest error in its ruling on June 21, 2011 (dkt. #387)."
> [Dkt. #395: p. 1(lns. 25-26)].

Judge Lasnik found Defendants' request for reconsideration, was "premature." (Id. @ 23). He expressed:

> "Defendants have failed to demonstrate, by legal authority or otherwise, that the Court's ruling was manifest error."
> [Dkt. #395: p. 4(lns. 7-8)].

Judge Lasnik instructed Defendants to bring "new facts that warrant reconsideration" to him when such facts are identified. (Id. @ p.1(lns. 23-24).

DECLARATION IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 1

For "proper legal authority regarding waiver of timeliness" (ibid.); recall, in *McQuiggen v. Perkins*, 133 S.Ct. 1924, 1926 (2013), the Supreme Court said:

> "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"
>
> [Id. at 1936].

The 2017 update of Federal regulatory law - i.e., "holds itself out" - is strong evidence of innocence, and implicates violation of the equal protection component of the Due Process Clause[1]. (See Attachment 'A')[2]. Indeed, the 2017 *established* definition of "holds itself out" should compel Judge Lasnik to change his June 21, 2011 "holds itself out" ruling[3].

Thus, I request Judge Lasnik consider SAMHSA's 2017 updated/established "holds itself out" definition in Attachment 'A,' because Judge Lasnik is familiar with the claim of manifest error; and, gave direction in Document #395, to "bring the request with proper legal authority ... at that time." (Dkt. #395 @ p.1: ln. 24).

Dated this 8th day of February, 2020.

Respectfully submitted by,

Antoine D. Johnson, MD

---

[1] "[T]here is an equal protection component of the Due Process Clause of the Fifth Amendment which applies to the federal government." (*High Tech Gays v. Defense Industrial Security Clearance Office*, 895 F.2d 563, 570 (9th Cir. 1990)).

[2] Attachment 'A' is a true and correct copy of a Substance Abuse and Mental Health Services Administration (SAMHSA), document. It can be accessed at C:/Users/Owner/Downloads/42-CFR-Part-Standards-Comparison%20(4).pdf.

[3] Precedent foreclosed the instant actual innocence claim when I brought my first § 2255 motion in the year 2014. (See *Stephens v. Herrera*, 464 F.3d 895 (9th Cir. 2006) & *Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008)*- The 2017 updated definition of holds itself out does "materially vary from the statutory construction set forth," by Judge Lasnik on June 21, 2011. (See id. @ 960).

DECLARATION IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS (28 USC 2241 & LCR 100(D)); AND, NOTICE OF RELATED/PENDING CASES (LCR 3(G)&(H)). - 2