Antoine D. Johnson, MD
P.O. Box #561
Aberdeen, Washington 98520
(360) 500-0122

The Honorable John C. Coughenhour

FILED LODGED RECEIVED
MAR 25 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

UNITED STATES PROBATION AND PRETRIAL SERVICES (Custodian),
Respondent
v.
ANTOINE D. JOHNSON, MD,
Petitioner.

Case No. 3:21-cv-05125-JCC-DWC

Request for Judicial Notice. (FRE #201).

I ask the Court to take Judicial Notice of facts that were previously adjudicated by the Honorable Robert S. Lasnik[1] in the year 2011:

1. "the Court finds that Dr. Johnson actually provided substance abuse treatment"
[No. 3:09-cr-05703-RBL (Dkt. #387: p.5; lns. 6-7) emph. added];

2. "Dr. Johnson was listed as a physician certified to provide Buprenorphine treatment"
[Id. @ lns. 8-9 emph. added].

3. "Nothing in 21 C.F.R. 1301.28, or any legal authority citing to the regulation, refers to or identifies the 'holding out' requirement in 42 C.F.R. 2.12(e)(1)."
[No. 3:09-cr-05703-RBL (Dkt. #395: p.2; lns. 2-4)]

4. "In the Order (dkt. #387), the Court acknowledged that Dr. Johnson was listed as a physician certified to provide Buprenorphine treatment in the provider directory. However, the Court found that this by itself was insufficient for the 'holding out' requirement."
[Id. @ p.3; lns. 1-4 emphasis in the original].

---

[1] Courts "may take judicial notice of court filings and other matters of public record." (See *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*: 442 F.3d 741, 746 n. 6; 2006 (9th Cir.)).

I ask the Court to take Judicial Notice of the following decision from the United States Court of Appeals for the Ninth Circuit:

i. Even were we to consider the waiver notification form, it would not convince us that the district court erred in concluding that Dr. Johnson was not a drug abuse treatment program. A drug abuse treatment program is an individual or entity that not only provides drug abuse treatment, but also "holds itself out as providing" treatment. *See* 42 C.F.R. § 2.11. The district court's conclusion was based on a finding that Dr. Johnson did not hold himself out as providing drug abuse treatment, which we review for clear error. *United States v. Hinojosa-Perez,* 206 F.3d 832, 835 (9th Cir. 2000). Even had the district court considered the evidence at issue, which according to Dr. Johnson shows that he consented to be listed on a registry of doctors certified to provide a particular type of drug abuse treatment, this evidence does not make the district court's finding "illogical, implausible, or without support in the record." *In re Retz,* 606 F.3d 1189, 1196 (9th Cir. 2010). Taken together, the evidence in the record supported a finding that he did not advertise or market himself as a drug abuse treatment program, instead only providing treatment to current patients that tested positive for drug use.

[*United States v. Johnson*: 540 F. App'x 573, 8-9; 2013 (9th Cir.)]

I also ask the Court to take Judicial Notice of the following excerpts from a 2017 Updated Final Rule published by the Substance Abuse and Mental Health Services Administration ("SAMHSA"- 42 USC 290aa), in the Federal Register[2]:

a. "SAMHSA also clarifies that the program definition does not categorically exclude buprenorphine providers. However, holding a waiver to prescribe buprenorphine or holding a waiver and prescribing buprenorphine as part of primary care practice also does not lead to categorical inclusion of providers in the definition of a part 2 program; such determinations are fact-specific.

**[https://www.federalregister.gov/d/2017-00719/p-333]**.

---

[2] See 44 U.S.C. § 1507- "The contents of the Federal Register shall be judicially noticed. . . ."

b. Consistent with previously published FAQ guidance, we reiterate that "Holds itself out" means any activity that would lead one to reasonably conclude that the individual or entity provides substance use disorder diagnosis, treatment, or referral for treatment, including but not limited to:

* Authorization by the state or federal government (*e.g.*, licensed, certified, registered) to provide, and provides, such services,

* Advertisements, notices, or statements relative to such services, or

* Consultation activities relative to such services.

**[https://www.federalregister.gov/d/2017-00719/p-335].**

The facts I requested to be Judicially Noticed go to establishing jurisdiction; i.e., claim unavailability/actual innocence under ***Alaimalo v. U.S.***: 645 F.3d 1042; 2011 (9th Cir.):

"For the purposes of determining whether a claim was unavailable under § 2241, we look to whether controlling law in this circuit foreclosed petitioner's argument."

[Id. @1048].

"See, e.g., Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (petitioner showed actual innocence where statute of conviction was subsequently interpreted not to reach petitioner's conduct)."

[***Allen v. Ives***: 950 F.3d 1184, 1190; 2020 (9th Cir.)].

Dated this 23rd day of March, 2021.
Respectfully submitted by,

Antoine D. Johnson, MD


Antoine D. Johnson, MD
P.O. Box #561
Aberdeen, WA (98520)
TACOMA WA 983
OLYMPIA WA
23 MAR 2021 PM 3 L
FOREVER/USA
US District Court
Western District of Washington
at Tacoma
1717 Pacific Avenue
Room #3100
Tacoma, WA (98402-3200)
FILED LODGED
RECEIVED
MAR 25 2021
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY
Attention: Clerk of the Court
98402-320099