UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Antoine Johnson,

    Petitioner,

v.

United States Probation and Pretrial,

    Respondent.

CASE NO. 3:21-cv-05125-RJB-DWC

ORDER TO SHOW CAUSE

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner, proceeding *pro se,* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2241, challenging a 2011 federal conviction. Dkt. 10. Having reviewed the Petition, the Court declines to order Respondent[1] to file an answer and directs Petitioner to show cause why the Petition should not be dismissed without prejudice.

---

[1] It appears Petitioner has been released and may no longer be in custody. *See* Dkt. However, it is not clear if Petitioner is on probation or parole. *See id.* If Petitioner is on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate[]" as Respondent. *Ortiz-Sandoval*, 81 F.3d 891, 894 (9th Cir. 1996). If Petitioner is not on probation or parole, Petitioner may name the state attorney general as Respondent. *Id.*; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).

ORDER - 1

**A. Background**

Petitioner alleges he is still in custody, but based on the address provided by Petitioner, he is not presently incarcerated. Dkt. 10. Petitioner alleges he is serving a sentence imposed by the U.S. District Court for the Western District of Washington. Dkt. 10 at 1; *See United States v. Johnson,* Case No. 3:09-cr-05703 RBL (W.D. Wash.). In 2011, Petitioner was convicted of health care fraud, filing false income taxes, and illegal distribution of controlled substances. *See id.* Following an evidentiary hearing in *United States v. Johnson,* the district court issued an order rendering factual findings and denying various motions, finding:

> While Dr. Johnson was listed as a physician certified to provide Buprenorphine treatment, the Court finds that this alone is insufficient to find that Dr. Johnson held himself out as providing substance abuse services. Dr. Johnson was not listed as a substance abuse treatment program by the United States Department of Health and Human Services. Dkt. #130 (Hinckley Decl.) ¶16, Ex. B at 21. There were no visible signs referring to drug and alcohol abuse programs or counseling at Dr. Johnson's clinics.[fn 4] Id. ¶¶12, 14; Dkt. #133 (Lynch Decl.) ¶¶2, 3, 16. Rather, the clinics were identified as family practice clinics. Id. According to the Washington State Department of Health's Medical Quality Assurance Commission, Dr. Johnson was designated as a Family Practice Medical Doctor. Dkt. #107-2 (Portillo Affidavit) ¶6. There is no evidence that Dr. Johnson advertised or marketed himself as a substance abuse treatment program. Rather, the evidence suggests that the substance abuse patients treated by Dr. Johnson were current patients who had tested "dirty" in Ameritox urinalysis screenings. Dkt. #130 (Hinckley Decl.) ¶13. During oral argument, the government conceded that, with respect to the 86 patients, Dr. Johnson was a treatment program. However, the evidence presented to the Court demonstrates that Dr. Johnson did not hold himself out as a substance abuse treatment program, despite the fact that he actually treated 86 patients.
>
> [FN 4: During the evidentiary hearing, Agents Lynch and Hinckley testified that they did not see any signs or brochures referring to substance abuse treatment programs, but that there were areas of the clinics they did not see. Nevertheless, defendants have not offered any evidence that there were signs or brochures in any of the clinics referring to substance abuse treatment programs.]

*United States v. Johnson,* Dkt. 12-1 at 52-53.

ORDER - 2

Petitioner now seeks relief pursuant to § 2241. *See id.* Petitioner alleges he is being held unlawfully because:

> In 2011, Judge Lasnik ruled that my certification to provide Buprenorphine treatment **alone** was not reasonable to meet the "*holds itself out*" prong for "*Program*" under 42 C.F.R. 2.11. Now it is.

Dkt. 10 at 2.[2] Essentially, Petitioner alleges the Health and Human Services ("HHS") regulations changed the adjudicated meaning of "holds itself out" after his conviction. Dkt. 10. Petitioner contends he qualifies under the revised regulations as a substance abuse treatment provider, which demonstrates his innocence. *See id.*

Petitioner has previously filed a habeas petition attacking his sentence under § 2255, which was denied. *See Johnson v. United States of America,* 3:14-cv-06018-RBL. Petitioner has also previously attempted to seek habeas relief pursuant to § 2241. *See Johnson v. Salazar*, 2:17-cv-1310-JAM-KJN ("*Salazar I*"); *Johnson v. Ponce,* 2:16-cv-1037-JAM-AC ("*Ponce*"); *Johnson v. Salazar,* 2020 WL 901479, at *4 (E.D. Cal. Feb. 25, 2020), *report and recommendation adopted,* 2020 WL 1274132 (E.D. Cal. Mar. 17, 2020) ("*Salazar II*");[3] *Johnson v. Thompsen*, No. 2:18-cv- 1977-JAM-AC ("*Thompsen I*"); *Johnson v. Thompsen*, No. 2:18-cv-2580-MCE-AC ("*Thompsen II*"). In these prior § 2241 petitions, Petitioner challenged the same 2011 federal conviction on the asserted grounds of actual innocence and changes in the law. *See id.* The courts found these contentions were insufficient to allege factual innocence and Petitioner had previously had an unobstructed shot at raising the substance of his claims in the court of

---

[2] *United States v. Johnson,* Case No. 3:09-cr-05703 RBL (W.D. Wash.) was assigned to District Judge Leighton, but District Judge Lasnik presided over some proceedings.

[3] *Salazar II* addressed three petitions; *Salazar II, Thompsen I,* and *Thompsen II* in a single report and recommendation.

ORDER - 3

conviction. *See Ponce*; *Salazar I*; *Salazar II*; *Thompsen I*; *Thompsen II*. The courts concluded Petitioner's claims were not cognizable under § 2241. *See id.*

The Petition now before the Court also directly challenges the validity of Petitioner's 2011 federal conviction in this district for health care fraud, filing false income taxes, and illegal distribution of controlled substances. *See* Dkt. 10; *See United States v. Johnson,* Case No. 3:09-cr-05703 RBL (W.D. Wash.). Petitioner asserts this action is properly brought under § 2241 because his circumstances have changed. Dkt. 10 at 2 (citing *Alaimalo v. United States,* 645 F.3d 1042 (9th Cir. 2011). Petitioner contends the legal basis for this Petition did not arise until after he exhausted his direct appeal and filed his first § 2255 petition. Dkt. 10 at 7.

**B. Discussion**

The Rules Governing 28 U.S.C. § 2254 Cases apply in full to habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [governing petitions brought pursuant to Section 2254])." Habeas Rule 4 requires the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Federal Rules of Civil Procedure require the court to dismiss any action over which it lacks subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P.

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). "A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d

1054, 1055 (9th Cir. 1999) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). The Ninth Circuit has held "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "Thus, for Petitioner's Petition to be a legitimate § 2241 petition, he must satisfy both of those requirements." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012), *as amended* (May 31, 2012). This is a narrow exception. *See Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003).

In the Ninth Circuit, actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner must introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." *Marrero v. Ives,* 682 F.3d 1190, 1192 (9th Cir. 2012). To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and first § 2255 motion. *Harrison*, 519 F.3d at 960.

Here, Petitioner was a federal prisoner authorized to seek relief under § 2255, and he previously did so. *See* Dkt. 10; *See Johnson v. United States of America,* 3:14-cv-06018-RBL; 28 U.S.C. § 2255. Petitioner alleges the change in HHS regulations renders him innocent, provides the basis for his only ground for relief, and the ability to raise the claim in a § 2241 petition.[4] Dkt. 10. In order to meet the "escape hatch" of § 2255, Petitioner must demonstrate he is actually innocent and has not had an unobstructed procedural shot at presenting that claim. *See Stephens*, 464 F.3d at 898.

---

[4] The instant Petition presents the same claim previously adjudicated in *Thompsen II*. The regulatory framework Petitioner challenges is also the same as *Ponce, Salazar I,* and *Salazar II*. In those cases, the courts found Petitioner did not qualify for the § 2255 savings clause.

ORDER - 5

First, Petitioner has not alleged he is actually factually innocent. He does not set forth any allegations or evidence he did not "not commit the [acts] underlying his convictions." *See Marrero*, 682 F.3d at 1192. Rather, his innocence claim involves alleged legal inadequacy, which does not fall within the narrow exception to § 2255.  Second, Petitioner has not shown he has not had an "unobstructed procedural shot" at presenting his claim. Rather, Petitioner had the opportunity to raise similar issues in his first § 2255 petition and he did so. As the court explained in detail in *Salazar I,* the regulatory changes Petitioner identifies do not give rise to a claim which had not previously existed and which § 2255 was therefore inadequate to vindicate. *See Salazar I*, Dkt. 16 at 9-21 (noting petitioner had raised substantially similar issues pretrial, on direct appeal, and in his § 2255 petition, and that subsequent minor changes to the regulations did not create any new claims); *See also Thompsen II; Salazar II,* 2020 WL 901479 at *4 (discussing *Thompsen II* and finding redefinition of the words "holds itself out" was the same regulatory framework discussed in *Ponce, Salazar I,* and *Salazar II*, and Petitioner had a chance to raise similar issues in the court of conviction and did). Accordingly, Petitioner had an unobstructed shot to raise this claim previously, and the § 2255 savings clause does not apply. Therefore, the Court concludes the Petition is not cognizable as a § 2241 petition. Petitioner is directed to show cause why the Petition should not be dismissed without prejudice.

Rather, the Petition appears to be an impermissible attempt to circumvent the procedural limitations on filing a second or successive § 2255. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255); *see also United States v. Valdez-Pacheco, 237 F.3d 1077* (9th Cir. 2001) (procedural limits on filing second or successive § 2255 motion may not be circumvented by invoking the All Writs Act). A habeas petitioner cannot circumvent

the bar against successive § 2255 motions by bringing a § 2241 petition raising claims otherwise appropriately addressed in a § 2255 motion. *See Porter v. Adams,* 244 F.3d 1006, 1007 (9th Cir. 2001) (affirming the denial of a § 2241 petition raising the same claims attacking petitioner's conviction that he unsuccessfully raised in a prior § 2255 motion); *Crawford v. Pontesso,* 19 F. App'x 612, 613 (9th Cir. 2001). Because Petitioner has previously filed a § 2255 petition in this Court, he must first seek leave from the Ninth Circuit Court of Appeals if he wishes to file a second or successive § 2255.

**C. Conclusion**

For the above stated reasons, the Court directs Petitioner to show cause why the Petition should not be dismissed without prejudice. Petitioner must show cause on or before May 14, 2021.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

Dated this 14th day of April, 2021.

David W. Christel
United States Magistrate Judge