UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTOINE DOUGLASS JOHNSON,

    Petitioner,

v.

UNITED STATES PROBATION & PRETRIAL SERVICES,

    Respondent.

CASE NO. C21-5125 JCC-DWC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2241 to United States Magistrate Judge David W. Christel.

Petitioner moves for the undersigned to be disqualified from this case, which is, in effect, a request that the undersigned recuse himself from this case. Dkt. 26. Pursuant to Local Civil Rule ("LCR") 3(f), whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." Section 144 provides that:

ORDER - 1

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

28 U.S.C. § 144. Section 455 states in relevant part that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Petitioner filed this action under 28 U.S.C. § 2241 seeking to challenge his 2011 convictions on federal charges of health care fraud, filing false income taxes, and illegal distribution of controlled substances. Dkt. 10. Because Petitioner had previously filed a motion under 28 U.S.C. § 2255 relating to the same convictions, the undersigned, on April 14, 2021 issued an Order directing Petitioner to show cause why this action should not be dismissed as an unauthorized petition for federal habeas relief under § 2241. Dkt. 15. The undersigned assessed the potential viability of Petitioner's federal habeas petition in relation to the so-called "escape hatch" to § 2255 which permits a federal prisoner to proceed under § 2241 if he can show that the remedy available under § 2255 is inadequate or ineffective to test the validity of his detention. *See id*. Petitioner has not yet responded to the Court's Order, and instead, objected to the undersigned's Order to Show Cause. *See* Dkt. 17, 18, 19 20, 21. Those objections, along with objections to the undersigned's Order Denying Petitioner's Motion to Expedite, are currently pending before United States District Judge John C. Coughenour. *See id.,* Dkt. 22, 23, 25.

Petitioner, in his request for recusal, alleges the undersigned prejudiced Petitioner's due process rights by not ordering Respondent to file an Answer and denying Petitioner's Motion to

ORDER - 2

Expedite. Dkt. 26. Petitioner alleges the undersigned cannot be "neutral and detached" because the undersigned is harming Petitioner. Dkt. 26.

The undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court and has no personal bias or reason to be partial to one side or the other in this matter. Petitioner has not shown a reasonable person could question this Court's impartiality. Moreover, Petitioner's claim of impropriety arising from his disagreement with the manner in which the undersigned analyzed his Petition in the Order to Show Cause is insufficient to support recusal. *See States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). As Petitioner has not identified a valid basis for recusal, and as this Court perceives no justification for recusing voluntarily, the undersigned declines to recuse himself voluntarily. Petitioner's request will be referred to the Chief Judge for consideration in accordance with LCR 3(f).

In addition to his request for recusal, Petitioner has also filed a number of other requests for relief which are currently awaiting review by the undersigned, including a Motion for Reconsideration (Dkt. 29), Motion to Alter or Amend Judgment (Dkt. 30), Second Motion for Expedited Consideration (Dkt. 31), and Motion for Clarification Pursuant to Rule 59(e) (Dkt. 34). Further action by the undersigned on these requests for relief is deferred pending a ruling by the Chief Judge as to whether Petitioner has presented a sufficient basis for recusal.[1]

---

[1] Rather than file a response to the undersigned's Order to Show Cause, Petitioner elected instead to file objections to the Order under Fed. R. Civ. P. 72. Dkt. 17, 18, 19 20, 21. Those objections, along with objections to the undersigned's order denying Petitioner's Motion to Expedite, are currently pending before United States District

Based on the foregoing, the Court hereby ORDERS as follows:

1) The Clerk shall refer Petitioner's request for recusal of the undersigned (Dkt. 26) to the Chief Judge for consideration in accordance with LCR 3(f).

2) The undersigned defers ruling on Petitioner's remaining motions (Motion for Reconsideration (Dkt. 29), Motion to Alter or Amend Judgment (Dkt. 30), Second Motion for Expedited Consideration (Dkt. 31), and Motion for Clarification Pursuant to Rule 59(e) (Dkt. 34))pending a ruling from the Chief Judge, and the noting dates are stricken from the Court's calendar.

3) The Clerk shall send copies of this Order to Petitioner, the Honorable Ricardo S. Martinez, and to the Honorable John C. Coughenour.

Dated this 14th day of July, 2021.

David W. Christel
United States Magistrate Judge

---

Judge John C. Coughenour. *See id.* Dkt. 22, 23, 25. The objections will be considered separately by the assigned United States District Judge, the Honorable John C. Coughenour.

ORDER - 4