UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION & PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. 3:21-cv-05125-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 17, 2021 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Antoine Johnson, proceeding *pro se,* filed his federal habeas Petition, pursuant to 28 U.S.C. § 2241, challenging a 2011 federal conviction. Dkt. 10. Having reviewed the Petition and Petitioner's Response to the Order to Show Cause, the Court concludes the Court lacks jurisdiction over the Petition and the Petition is an impermissible attempt to circumvent the procedural limitations on filing a second or successive 28 U.SC. § 2255 petition. Accordingly, the Court recommends the Petition be dismissed without prejudice, all pending motions be denied, and this case be closed.

**I.     Background**

Petitioner alleges he is in custody serving a sentence imposed by the U.S. District Court for the Western District of Washington. Dkt. 10 at 1; *see United States v. Johnson,* Case No.

3:09-cr-05703 RBL (W.D. Wash.).[1] In 2011, Petitioner was convicted of health care fraud, filing false income taxes, and illegal distribution of controlled substances. *See id.* Following an evidentiary hearing in *United States v. Johnson,* the district court issued an order rendering factual findings and denying various motions, finding:

> While Dr. Johnson was listed as a physician certified to provide Buprenorphine treatment, the Court finds that this alone is insufficient to find that Dr. Johnson held himself out as providing substance abuse services. Dr. Johnson was not listed as a substance abuse treatment program by the United States Department of Health and Human Services. Dkt. #130 (Hinckley Decl.) ¶16, Ex. B at 21. There were no visible signs referring to drug and alcohol abuse programs or counseling at Dr. Johnson's clinics.[fn 4] Id. ¶¶12, 14; Dkt. #133 (Lynch Decl.) ¶¶2, 3, 16. Rather, the clinics were identified as family practice clinics. Id. According to the Washington State Department of Health's Medical Quality Assurance Commission, Dr. Johnson was designated as a Family Practice Medical Doctor. Dkt. #107-2 (Portillo Affidavit) ¶6. There is no evidence that Dr. Johnson advertised or marketed himself as a substance abuse treatment program. Rather, the evidence suggests that the substance abuse patients treated by Dr. Johnson were current patients who had tested "dirty" in Ameritox urinalysis screenings. Dkt. #130 (Hinckley Decl.) ¶13. During oral argument, the government conceded that, with respect to the 86 patients, Dr. Johnson was a treatment program. However, the evidence presented to the Court demonstrates that Dr. Johnson did not hold himself out as a substance abuse treatment program, despite the fact that he actually treated 86 patients.
>
> [FN 4: During the evidentiary hearing, Agents Lynch and Hinckley testified that they did not see any signs or brochures referring to substance abuse treatment programs, but that there were areas of the clinics they did not see. Nevertheless, defendants have not offered any evidence that there were signs or brochures in any of the clinics referring to substance abuse treatment programs.]

*United States v. Johnson,* Dkt. 12-1 at 52-53.

Petitioner now seeks relief pursuant to § 2241. *See id.* Petitioner alleges he is being held unlawfully because:

---

[1] Petitioner asserts in his petition that he is in custody under the sentence imposed in United States v. Johnson, CR09-5703-RBL. However, the address provided by Petitioner in his habeas materials indicates that he is not presently incarcerated. The fact that Petitioner identifies the Respondent in this action as United States Probation and Pretrial Services suggests that Petitioner is currently serving the term of supervised release imposed as a part of his federal sentence.

REPORT AND RECOMMENDATION - 2

> In 2011, Judge Lasnik ruled that my certification to provide Buprenorphine treatment **alone** was not reasonable to meet the "*holds itself out*" prong for "*Program*" under 42 C.F.R. 2.11. Now it is.

Dkt. 10 at 2.[2] Essentially, Petitioner alleges the Health and Human Services ("HHS") regulations changed the adjudicated meaning of "holds itself out" after his conviction. Dkt. 10. Petitioner contends he qualifies under the revised regulations as a substance abuse treatment provider, which demonstrates his innocence. *See id.*

Petitioner has previously filed a habeas petition attacking his sentence under § 2255, which was denied. *See Johnson v. United States of America,* 3:14-cv-06018-RBL. Petitioner has also previously attempted to seek habeas relief pursuant to § 2241. *See Johnson v. Salazar*, 2:17-cv-1310-JAM-KJN ("*Salazar I*"); *Johnson v. Ponce,* 2:16-cv-1037-JAM-AC ("*Ponce*"); *Johnson v. Salazar,* 2020 WL 901479, at *4 (E.D. Cal. Feb. 25, 2020), *report and recommendation adopted,* 2020 WL 1274132 (E.D. Cal. Mar. 17, 2020) ("*Salazar II*");[3] *Johnson v. Thompsen*, No. 2:18-cv- 1977-JAM-AC ("*Thompsen I*"); *Johnson v. Thompsen*, No. 2:18-cv-2580-MCE-AC ("*Thompsen II*"). In these prior § 2241 petitions, Petitioner challenged the same 2011 federal conviction on the asserted grounds of actual innocence and changes in the law. *See id.* The courts found these contentions were insufficient to allege factual innocence and Petitioner previously had an unobstructed shot at raising the substance of his claims in the court of conviction. *See Ponce*; *Salazar I*; *Salazar II*; *Thompsen I*; *Thompsen II*. The courts concluded Petitioner's claims were not cognizable under § 2241. *See id.*

---

[2] *United States v. Johnson,* Case No. 3:09-cr-05703 RBL (W.D. Wash.) was assigned to District Judge Leighton, but District Judge Lasnik presided over some proceedings.

[3] *Salazar II* addressed three petitions: *Salazar II, Thompsen I,* and *Thompsen II* in a single report and recommendation.

REPORT AND RECOMMENDATION - 3

The Petition now before the Court also directly challenges the validity of Petitioner's 2011 federal conviction in this district for health care fraud, filing false income taxes, and illegal distribution of controlled substances. *See* Dkt. 10; *See United States v. Johnson,* Case No. 3:09-cr-05703 RBL (W.D. Wash.). Petitioner asserts this action is properly brought under § 2241 because his circumstances have changed. Dkt. 10 at 2 (citing *Alaimalo v. United States,* 645 F.3d 1042 (9th Cir. 2011); *see also* Dkt. 17. Petitioner contends the legal basis for this Petition did not arise until after he exhausted his direct appeal and filed his first § 2255 petition. Dkt. 10 at 7; Dkt. 17.

This Court reviewed the Petition and directed Petitioner to show cause why this case should not be dismissed without prejudice. Dkt. 15. Petitioner filed a Response to the Order to Show Cause. Dkt. 17. Petitioner has also filed multiple motions, which are currently pending before the Court. Dkt. 30, 31, 34, 41-44, 48, 49, 51.

## II.     Discussion

The Rules Governing 28 U.S.C. § 2254 Cases apply to habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (finding the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to federal prisoners § 2241 petition). Habeas Rule 4 requires the court to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Furthermore, the Court must *sua sponte* dismiss any action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006).

As a general rule, 28 U.S.C. § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *Harrison v. Ollison*, 519 F.3d 952,

955 (9th Cir. 2008). "A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). The Ninth Circuit has held "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "Thus, for Petitioner's Petition to be a legitimate § 2241 petition, he must satisfy both of those requirements." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012), *as amended* (May 31, 2012). This is a narrow exception. *See Ivy v. Pontesso,* 328 F.3d 1057, 1059 (9th Cir. 2003).

In the Ninth Circuit, actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner must introduce "evidence tending to show that he did not commit the [acts] underlying his convictions." *Marrero v. Ives,* 682 F.3d 1190, 1192 (9th Cir. 2012). To demonstrate that he has not had an unobstructed shot to raise his claim previously, a petitioner must show that the claim did not become available until after he had exhausted his direct appeal and first § 2255 motion. *Harrison*, 519 F.3d at 960.

Here, Petitioner was a federal prisoner authorized to seek relief under § 2255, and he previously did so. *See* Dkt. 10; *Johnson v. United States of America,* 3:14-cv-06018-RBL; 28 U.S.C. § 2255. Petitioner alleges the change in HHS regulations regarding the meaning of "holds itself out" after his conviction renders him innocent, provides the basis for his only ground for relief, and provides him with the ability to raise the claim in a §2241 petition.[4] Dkt. 10. In order

---

[4] The instant Petition presents the same claim previously adjudicated in *Thompsen II*. The regulatory framework Petitioner challenges is also the same as *Ponce, Salazar I,* and *Salazar II.* In those cases, the courts found Petitioner did not qualify for the § 2255 savings clause.

to meet the "escape hatch" of § 2255, Petitioner must demonstrate he is actually innocent and has not had an unobstructed procedural shot at presenting that claim. *See Stephens*, 464 F.3d at 898.

First, Petitioner has not shown he is actually, factually innocent. He does not set forth any allegations or evidence showing he did not "commit the [acts] underlying his convictions." *See Marrero*, 682 F.3d at 1192. Rather, he claims he is actually innocent because the law has changed and his previously unlawful conduct is now lawful. *See* Dkt. 17. Petitioner has not shown there was a substantive change in the law that has been applied retroactively to his case resulting in credible actual innocence claim. Therefore, Petitioner's innocence claim does not fall within the narrow exception of the savings clause. *See Salazar II,* 2020 WL 901479 at *4 (discussing *Thompsen II* and finding redefinition of the words "holds itself out" involves legal, not factual innocence).

Second, Petitioner fails to show he has not had an "unobstructed procedural shot" at presenting his claim. Petitioner had the opportunity to raise similar issues in his first § 2255 petition and he did so. As the court explained in detail in *Salazar I,* the regulatory changes Petitioner identifies do not give rise to a claim which had not previously existed and which §2255 was therefore inadequate to vindicate. *See Salazar I*, Dkt. 16 at 9-21 (noting petitioner had raised substantially similar issues pretrial, on direct appeal, and in his § 2255 petition, and that subsequent minor changes to the regulations did not create any new claims); *see also Thompsen II; Salazar II,* 2020 WL 901479 at *4 (discussing *Thompsen II* and finding redefinition of the words "holds itself out" was the same regulatory framework discussed in *Ponce, Salazar I,* and *Salazar II*, and Petitioner had a chance to raise similar issues in the court of conviction and did). Therefore, Petitioner had an unobstructed shot to raise this claim previously and the § 2255

savings clause does not apply. Accordingly, the Court concludes the Petition is not cognizable as a § 2241 petition.

The Petition appears to be an impermissible attempt to circumvent the procedural limitations on filing a second or successive § 2255. *See* 28 U.S.C. §2255(h) (a second or successive petition must be certified by the court of appeals); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to § 2241 rather than § 2255). A habeas petitioner cannot circumvent the bar against successive § 2255 motions by bringing a § 2241 petition raising claims otherwise appropriately addressed in a § 2255 motion. *See Porter v. Adams,* 244 F.3d 1006, 1007 (9th Cir. 2001) (affirming the denial of a § 2241 petition raising the same claims attacking petitioner's conviction that he unsuccessfully raised in a prior § 2255 motion); *Crawford v. Pontesso,* 19 F. App'x 612, 613 (9th Cir. 2001).

Because Petitioner has previously filed a § 2255 petition in this Court and he has not been granted leave from the Ninth Circuit Court of Appeals to file second or successive § 2255, the Court recommends the Petition should be dismissed without prejudice for lack of jurisdiction.

### III. Miscellaneous Motions

Since filing the Petition, Petitioner has filed several motions that are still pending before the Court. Dkt. 30, 31, 34, 41-44, 48, 49, 51. Petitioner challenges the Court's processes and requests expedited rulings in this case (Dkt. 30, 31, 34), moves for reconsideration of rulings related to the undersigned recusing himself (Dkt. 41-44, 48), challenges the undersigned's authority in this case (Dkt. 49), and seeks to disqualify the Honorable Ricardo S. Martinez, Chief United States District Judge (Dkt. 51). The Court has reviewed the docket and finds Petitioner's Motions and filings are duplicative and frivolous. Moreover, under Habeas Rule 4, the Court

must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Petitioner has not provided a servable Petition, despite being given notice of the deficiencies of his Petition. As Petitioner has not provided a servable Petition and this Court lacks jurisdiction to hear this case, the Court recommends all pending motions be denied.[5]

### IV. Conclusion

For the above stated reasons, the Court recommends dismissing the Petition without prejudice. The Court further recommends all pending motions be denied and this case be closed.[6]

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 17, 2021, as noted in the caption.

Dated this 31st day of August, 2021.

David W. Christel
United States Magistrate Judge

---

[5] The undersigned has previously declined to voluntarily recuse himself and the Honorable Ricardo S. Martinez, Chief United States District Judge, has affirmed the undersigned's Order declining to recuse himself. Dkt. 36, 40. As there have been no additional actions taken by the undersigned since declining to recuse himself that impact that decision, the Court finds the matter regarding recusal has been litigated and the additional requests for recusal (Dkt. 41, 42, 48) do not warrant further consideration.

[6] The Court finds a certificate of appealability is not required in this case. *See Forde v. U.S. Parole Com'n*, 114 F.3d 878, 879 (9th Cir. 1997) (finding a certificate of appealability was not required when a § 2241 petition was filed by federal prisoner). However, if a certificate of appealability is necessary, the Court would recommend it not be issued.