THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES PROBATION AND PRETRIAL SERVICES,<br><br>Respondent. | CASE NO. C21-5125-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Antoine Johnson's Objection (Dkt. No. 58) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 57), recommending that the Court deny Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 10) (the "Petition"). For the reasons described below, the Court hereby OVERRULES the objections, ADOPTS the R&R, and DENIES the petition without prejudice.

I.    BACKGROUND

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his 2011 federal convictions for health care fraud, filing false income taxes, and distribution of controlled substances. (Dkt. No. 10 at 1.) Petitioner claims he cannot be guilty of the underlying conviction because he qualifies under the 2017 update of the regulatory definition of "holds itself out" related to a drug abuse treatment "Program" qualification under 42 C.F.R. 2.11. (*Id.* at 2.)

Petitioner further claims that, because he qualifies under the new "holds itself out" definition, the Government was required to seek a court order before beginning surveillance of his place of business; and because the Government did not get a court order before doing so, he argues, there is no admissible evidence against him. (*Id.* at 8.) Petitioner already presented this argument in a pretrial motion to dismiss based on the then-current version of the relevant regulatory provision; that motion was denied. *United States v. Johnson,* CR09-5703-RBL, Dkt. No. 387 at 3–7 (W.D. Wash. 2011). Petitioner appealed his conviction to the Ninth Circuit Court of Appeals on similar grounds. *See United States v. Johnson*, 540 F. App'x 573, 577 (9th Cir. 2013). The Ninth Circuit rejected Petitioner's argument, holding "the evidence in the record supported a finding that he did not [hold] himself [out] as a drug abuse treatment program." *Id.* Petitioner also unsuccessfully presented similar arguments in a § 2255 motion he filed in 2014[1] and in petitions he filed under § 2241 each year from 2016 to 2018.[2] *See also Johnson v. Salazar*, 2020 WL 901479, slip op. at 4 (E.D. Cal. 2020) (collecting Petitioner's various challenges).

      Judge Christel recommends that this Court deny the Petition based on Petitioner's failure to demonstrate that his Petition can properly be brought under § 2241 rather than § 2255, as is needed for the Court to have jurisdiction over his Petition. (Dkt. No. 57.) Petitioner objects to Judge Christel's R&R on the grounds that (1) his "holds itself out" claim was not ripe until February 2017; (2) he has not had "an unobstructed procedural shot" at presenting his claims; (3) Judge Christel abused his discretion by not considering Judge Lasnik's order denying a motion for reconsideration in the underlying criminal case;[3] (4) Judge Christel lacked jurisdiction to issue his R&R; and (5) Petitioner should be granted leave to amend. (*See generally* Dkt. No. 58.)

---

[1] *Johnson v. United States of America,* C14-6018-RBL, Dkt. No. 1 (W.D. Wash. 2014) (challenge under the 2011 rule).
[2] *Johnson v. Ponce*, C16-1037-JAM-AC, Dkt. No. 1 (E.D. Cal. 2016) (challenge under the 2011 rule); *Johnson v. Salazar*, C17-1310-JAM-KJN, Dkt. No. 1 (E.D. Cal. 2017) (challenge under the 2017 rule); *Johnson v. Thompsen*, No. C18-2580-MCE-AC, Dkt. No. 1 (E.D. Cal. 2018) (challenge under the 2017 rule).
[3] *United States v. Johnson*, 2011 WL 13142511, slip op. at 1 (W.D. Wash. 2011).

## II. DISCUSSION

### A. Legal Standard

A district court reviews *de novo* those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### B. Petitioner's Objections

Petitioner's first three objections depend on his argument that denying the Petition is improper because Judge Christel failed to consider Judge Lasnik's order denying Petitioner's motion for reconsideration in his underlying criminal case. (*See* Dkt. No. 58 at 1–7.) In that order, Judge Lasnik held, among other things, that Petitioner failed to identify "any legal authority" for his "holds itself out" argument. *United States v. Johnson*, 2011 WL 13142511, slip op. at 1 (W.D. Wash. 2011). Based on this, Petitioner appears to argue in his first three objections that, (1) he is innocent under what he believes is the correct application of the regulatory provisions in question, (2) this argument was premature when he presented it to Judge Lasnik, but it is ripe now, and (3) there has been a change in the substantive law since Judge Lasnik looked at the issue in 2011. (Dkt. No. 58 at 1–6.)

First, as the R&R explains (Dkt. No. 57 at 5–6), Petitioner's regulatory argument merely presents a claim of legal innocence, not factual innocence. Judge Christel thus correctly recommends denying the Petition because it fails to meet § 2255's narrow "escape hatch" exception to its prohibition against second or successive motions. (Dkt. No. 57 at 4–7.) This narrow exception requires showing (1) a claim of actual innocence, and (2) that Petitioner has not had an "unobstructed procedural shot" at presenting that claim. *Marrero v. Ives*, 682 F.3d

1190, 1192 (9th Cir. 2012). In the Ninth Circuit, actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's argument is one of legal insufficiency and therefore fails to qualify for the escape hatch.

Second, Petitioner's claim that, because his prior motions raising substantially similar arguments to those presented here were denied, he lacked an unobstructed procedural shot to present them, is unavailing. Petitioner filed habeas petitions in 2014, 2016, 2017, and 2018 presenting the same or substantially similar claims. *See Salazar*, 2020 WL 901479, slip op. at 4 (discussing the various petitions). Thus, even assuming that Petitioner's regulatory argument was not ripe until 2017, Petitioner fails to show why his 2017 and 2018 petitions did not constitute unobstructed procedural shots at presenting identical claims.

Third, even if Judge Lasnik's denial of Petitioner's prior motion established a substantive change in the law, that does not help Petitioner because, as mentioned above, he still does not assert a *factual* (rather than legal) claim of innocence. *See Marrero* 682 F.3d at 1192. This is because he argues merely that an intervening change in a law would have precluded convicting him were he tried today, not that "he did not commit the [acts] underlying his conviction." *Id*.

Petitioner's first, second, and third objections are thus OVERRULED.

Petitioner's fourth objection is that Judge Christel lacks jurisdiction to issue the R&R because this Court previously issued an order that "stripped him [i.e., Judge Christel] of jurisdiction." (Dkt. No. 58 at 7–8.) The Court's prior order did not strip Judge Christel of his jurisdiction; it advised Judge Christel to treat Petitioner's filing styled as "Objections" (Dkt. No. 17) as a response to an order to show cause. (*See* Dkt. No. 45.) Petitioner's fourth objection is OVERRULED.

Lastly, Petitioner objects that Judge Christel's R&R does not include leave to amend. (Dkt. No. 58 at 8.) Because Judge Christel recommends dismissal without prejudice, Petitioner's objection is misplaced. Dismissal without prejudice dismisses the case "in such a way that the plaintiff may refile the same suit on the same claim [and] does not bar the plaintiff from refiling

the lawsuit within the applicable limitations period." *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). Thus, dismissal without prejudice does not prevent Petitioner from amending his claims and refiling his case. *See id.* Petitioner's fifth objection is OVERRULED as moot.

### C.  Certificate of Appealability

A petitioner may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may issue only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court agrees with Judge Christel's recommendation to deny the issuance of a COA. Petitioner has not demonstrated that reasonable jurists could conclude that the issues presented deserve encouragement to proceed further.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's objections (Dkt. No. 58) are OVERRULED. The Court ADOPTS the R&R (Dkt. No. 57), and DISMISSES the Petition (Dkt. No. 10) without prejudice. A COA is DENIED. All other pending motions on the docket are DENIED as moot.

DATED this 21st day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE